JOURNAL ENTRY AND OPINION
Defendant-appellant Manuel Rivera appeals the eight-year sentence imposed by the trial court after he entered a plea of guilty to one count of rape, as codified in R.C. 2929.13(F)(2). Defendant also appeals from the court's judgment that classifies him as a sexual predator. For the reasons that follow, we affirm.
Defendant pled guilty to one count of rape of his thirteen-year-old step-daughter. The defendant was accused of raping his step-daughter on muliple occasions; however, he maintains that it occurred on a single occasion. The defendant acknowledges that he is the father of his step-daughter's child. In her oral statement to the police, the victim stated that the defendant "was paying [her] money to keep her mouth shut."
At the sentencing hearing, the court considered the pre-sentence investigation report. The defendant offered his testimony and that of two relatives. The State presented the testimony of the victim which was essentially limited to her statement that she did not want to see the defendant anymore. The State presented no further evidence on the issue of sentencing.
The court imposed an eight-year prison term based on the following itemized factors: injury to the victim was worsened by the physical or mental condition or age of the victim; that the victim suffered serious physical harm as a result of the offense; that the offender held a position of trust enabling him to commit the offense against the victim; and questioned the genuineness of the defendant's remorse. (Tr. 29-31). The trial court further indicated that "a minimum prison term would demean the seriousness of the offender's conduct and not adequately protect the public from future crimes." (Tr. 31).
Immediately following the sentencing, the court conducted a sexual predator classification hearing. The State relied upon the facts contained in the pre-sentence investigation report, the statement of the victim, and the testimony of a Cleveland Police Detective.
The court found defendant to be a sexual predator on the basis of: the victim's and defendant's ages; the nature of the offender's sexual conduct; the defendant's position of trust; defendant's display of cruelty; and the reward of money. The court also questioned the genuineness of the defendant's remorse. (Tr. 40-41).
Defendant timely appeals, assigning two errors for our review. Assignment of Error I states:
 I. THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AND THE COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED THE APPELLANT TO AN EIGHT (8) YEAR PRISON TERM IN CONTRAVENTION OF STATUTORY FELONY SENTENCING GUIDELINES AS CONTAINED IN THE OHIO REVISED CODE.
Defendant maintains two separate issues under this assignment of error: (1) that the trial court should have imposed the minimum prison term; and (2) that the defendant's sentence is not supported by the record and/or is contrary to law. Having reviewed the record, we find no merit to these contentions.
Having pled guilty to rape, a violation of R.C. 2907.02, defendant faced a potential prison term ranging from three to ten years, in yearly increments. R.C. 2929.14(A)(1). Although the court did not impose the minimum sentence, it did not impose the maximum possible sentence either. The court ordered defendant to serve an eight-year prison term. Defendant argues that the court did not make the appropriate findings to deviate from imposing the minimum sentence.
R.C. 2929.14(B) provides in relevant part as follows:
 (B) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999),86 Ohio St.3d 324, 327. However, the trial court need not give its reasons. Instead, the court must note that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
In this case, the court complied with the statutory directives as expounded upon by the Ohio Supreme Court. The court found both sanctioned reasons applicable for deviating from imposing the shortest prison term. Ibid. The court further detailed its reasons for these findings including the injury to the victim was worsened by the physical or mental condition or age of the victim; that the victim suffered serious physical harm as a result of the offense; that the offender held a position of trust enabling him to commit the offense against the victim; and questioned the genuineness of the defendant's remorse. (Tr. 29-31).
Having reviewed the entire record, we find that the trial court's sentence is supported by clear and convincing evidence and, therefore, decline to modify the sentence pursuant to R.C. 2953.08. Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR AS THE EVIDENCE PRESENTED BY THE STATE OF OHIO IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE, THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
To warrant a sexual predator classification, the State must prove by clear and convincing evidence that the offender "has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3)." State v. Eppinger (2001), 91 Ohio St.3d 159, 163
[emphasis in the original]. As enunciated by the Ohio Supreme Court:
 [C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Id. at 164 (citation omitted). In reviewing a trial court's determination as to a sexual offender classification, we must examine the record to determine whether the evidence satisfies the requisite degree of proof.State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
The trial court is to consider "all relevant factors," including, but not necessarily limited to, those factors itemized in R.C. 2950.09(B)(2). Id. at 644. The trial court labeled the defendant a sexual predator based upon several factors relating to the nature of the underlying offense. The defendant objected to the sexual predator label on the grounds that the evidence failed to establish by clear and convincing evidence that he was likely to commit a sexually oriented offense in the future.
This court has previously found that the underlying offense, standing alone, does not suffice to establish the propensity of the defendant to commit future sexually oriented offenses. State v. Ward (1999),130 Ohio App.3d 551. Although the defendant has no prior criminal record, the nature of the underlying offense may be sufficient, under certain circumstances, in finding that an individual is likely to re-offend in the future. State v. Miller (May 17, 2001), Cuyahoga App. No. 78032, unreported, citing State v. Ward, 130 Ohio App.3d at 558
[other citations omitted].
The court gave considerable weight to certain factors under R.C.2950.09(B), namely the offender's age, the age of the victim which was thirteen, the nature of the sexual conduct and contact in the context of the position of trust as her step-father, a display of cruelty by indicating that he would do something to her if she told her mother, and the court's perception of a lack of genuine remorse. The court also opined that the reward of money in his betrayal of trust of "this young girl" would make an impact on her at the time of the offense and would also set "her up for further behavior in her future life."
After reviewing the entire record, including, but not limited to, the facts and evidence considered by the trial court as set forth above, we find that the evidence met the requisite degree of proof under these particular circumstances to support the trial court's classification of the defendant as a sexual predator. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR.